

**ORDERED in the Southern District of Florida on December 12, 2014.**

_____
A. Jay Cristol, Judge
United States Bankruptcy Court
_____

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF FLORIDA

In re:

MARWAN ISKANDAR                              Case No. 14-34372-BKC-AJC

      Debtor.
_____/

<u>**ORDER GRANTING CARRERA USA, LLC'S EMERGENCY MOTION FOR RELIEF FROM AUTOMATIC STAY [DE# 10]**</u>

THIS CAUSE came before the Court for hearing on November 19, 2014 at 11:30 a.m. upon the *Interested Party Carrera USA, LLC's Emergency Motion for Relief from Automatic Stay* [DE# 10]. The Court having heard the proffers and representations of counsel, and having reviewed the record, including the *Debtor's Supplemental Legal Authority In Support Of Motion To Alter And Amend Order Granting Debtor's Motion To Reopen Case And Shorten Prejudice Period* filed December 11, 2014, grants the motion for relief on the following grounds.

1

**FACTUAL BACKGROUND**

The Debtor filed a voluntary petition (DE# 1) in bankruptcy under Chapter 7, title 11, United States Code on October 31, 2014. Drew M. Dillworth is the Chapter 7 Trustee in these proceedings.

Prior to the filing of this case, the Debtor previously filed a Chapter 13 bankruptcy case, Case No. 14-20822-BKC-AJC. In that case, Debtor filed a bare-bones petition. One week later, the Debtor sought an extension of time to file schedules and other required documentation. An extension of time was granted but, instead of filing the requisite documentation by the extended deadline, Debtor filed a motion to dismiss case without prejudice. (Case No. 14-20822, ECF No. 12). For the reasons stated more specifically on the record at that hearing on the motion to dismiss, this Court denied dismissal without prejudice, and the case was dismissed with prejudice on July 8, 2014. (Case No. 14-20822, ECF No. 17).

On October 21, 2014, the Debtor filed a motion in Case No. 14-20822 requesting the Court reopen same and shorten the prejudice period. On October 29, 2014 at 10:30am, a hearing was held on Debtor's Motion to Reopen Chapter 13 Case and Shorten Prejudice Period. (Case No. 14-20822, ECF No. 23).

The Court granted a shortening of the prejudice period but only upon the condition that the filing of a new bankruptcy case would not stay the foreclosure sale on certain investment property of the Debtor. The Order was not intended to stay the sale, but simply stay the issuance of the certificate of sale to allow the Debtor to demonstrate it could adequately protect the secured creditor for delaying foreclosure.

2

On October 29, 2014, as directed at the hearing, Attorney Murphree submitted an order to the Court for entry. The Order was to conform to the Court's ruling at the hearing. However, it has now become apparent that the proposed Order contained an error. The Order Granting Debtor's Motion to Reopen Case and Shorten Prejudice Period provided that the foreclosure sale of the non-homestead property may go forward but the Clerk of the Court was directed not to issue a certificate of *title* until further Order of the Bankruptcy Court (emphasis added). (Case No. 14-20822, ECF No. 27). The Order further provided that the Debtor commence within 10 days of the Order monthly adequate protection payments to Deutsche Bank NA in the monthly amount of $3,045.00, representing interest of $1,183 a month at 2.79%, real estate property taxes of $662 per month, and $1,200 for forced place insurance.

On October 31, 2014 at 4:31 p.m., the Suggestion of Bankruptcy and Order allowing sale was electronically filed in state court, but third-party purchaser Carrera USA, LLC ("Carrera") did not receive notification of that filing; Carrera was not a registered party to that case at that time. The Debtor did not file the aforementioned Suggestion of Bankruptcy and Court Order with the Clerk of Court for Miami-Dade County Land Sales Division.

The foreclosure sale occurred as scheduled. On November 3, 2014 at 9:00 a.m., the electronic foreclosure sale began at www.miamidade.realforeclose.com. Carrera, a third party purchaser without notice of the ruling on the motion to reopen bankruptcy case, purchased the Property for $706,826.10 and paid same to the Clerk of the Miami-Dade County Circuit Court. (ECF No. 40). The state court record indicates that it was not until 11:16 a.m. on November 3, 2014 that Debtor filed the aforementioned Suggestion of Bankruptcy and Court Order Allowing Sale with the Clerk of Court for Miami-Dade County Land Sales Division. Carrera was not

3

aware of this matter at the time he bid on the Property (ECF No. 40), but even if he was aware of the Order, the Order did not enjoin the certificate of sale and thus prevent the sale from becoming final, but rather enjoined issuance of the certificate of title which had no effect on the Property going out of the estate of the Debtor.

A certificate of sale was issued to Carrera on November 6, 2014. (ECF No. 22). Carrera filed its Motion for Relief on November 6, 2014 seeking the issuance of the certificate of title.

On November 7, 2014 the Debtor tendered the first adequate protection payment. Further, in response to Carrera's Motion for Relief, the Debtor filed a Motion to Convert to Chapter 11, citing the ability to modify the non-homestead mortgage through the MMM Program. Carrera filed an objection to conversion. (ECF No. 15). Subsequently, on November 13, 2014, Debtor filed a Motion to Amend or Alter Court Order. Carrera filed its response to that motion. (ECF No. 35).

The first hearing on Carrera's Motion for Stay Relief was held on November 13, 2014 before the Honorable Judge Mark. Judge Mark indicated this matter should be determined by the undersigned, given its Order entered in the prior case. The second hearing on Carrera's Motion for Stay Relief was held on November 14, 2014 before this Court. At that time, the Court suggested the parties attempt to resolve the matter amicably and, if unable to do so, reset the matter for November 19, 2014 at 11:30 a.m.

The third hearing on Carrera's Motion for Stay Relief was held on November 19, 2014. The Court was informed the parties failed to reach agreement and the parties were then instructed to submit competing orders on the Motion.

**LEGAL ANALYSIS**

Carrera argues that, pursuant to Florida Statute §45.0315, because no order prevented the sale or the issuance of the certificate of sale, the Debtor's right of redemption terminated on November 6, 2014 when the certificate of sale was issued to Carrera. Carrera also argues equitable considerations as an innocent third party purchaser to support its position.

Debtor argues that Carrera assumed the risk that the sale could be cancelled for any reason, as per certain foreclosure auction disclosures. The Debtor asserts that Carrera, as a potential bidder, registered online at www.miamidade.realforeclose.com, agreeing to read the disclosures and accepting the terms of the foreclosure sale. In particular, the Debtor cites the following disclosures that put Carrera on notice that the sale could be cancelled:

> Prospective bidders are responsible for conducting their own research regarding the property sold. ***The Clerk's Office makes no warranties or representation about the condition, marketability, existing or potential uses, title***, outstanding liens, mortgages or other encumbrances, zoning regulations or laws that may affect current or future uses of the property, or existence of any conditions regarding any property and structures or fixtures thereon offered for sale by the Clerk.
>
> A Certificate of Sale is issued by the clerk provided all amounts are paid in full. Objections to the sale may be filed with the Clerk of the Circuit Court General Civil Division, within ten (10) days after the filing of the Certificate of Sale. ***If an objection to the sale is filed, the clerk will not issue a certificate of title until the court enters an Order on the Objection***.
>
> The Clerk reserves the right to correct, revise, add to, delete and/or modify any information regarding any property being offered for sale, and ***may cancel the sale of any property at any time, including after the bidding has been completed***.
>
> User acknowledges and understands there are certain risks associated with bidding at foreclosure and/or tax deed sales. Sales

may be subsequently cancelled, set aside or deemed void by a court of law through no fault of the purchaser. However, absent Clerk error, if the sale is set aside, the Clerk must retain the Clerk's sale fee, the electronic online auction fee and the registry fees earned. THERE ARE CERTAIN RISKS ASSOCIATED WITH THE BIDDING AT FORECLOSURE AND/OR TAX DEED SALES. THE CLERK AND REALAUCTION MAKE NO EXPRESS OR IMPLIED WARRANTIES OR REPRESENTATION ABOUT THE CONDITION, MARKETABILITY, EXISTING OR POTENTIAL USES, TITLE, OUTSTANDING LIENS, MORTGAGES OR OTHER ENCUMBRANCES WHICH MAY SURVIVE THE SALE OF THE PROPERTY …. The Clerk and Realauction disclaim any warranty of merchantability or fitness for a particular purpose. It is the sole responsibility of the bidder to perform any and all research necessary regarding the condition, marketability, use of, and current state of the title to any property offered for sale by the Clerk. In addition, the Clerk makes no representations or warranties of any kind express or implied, regarding the legal effect of a foreclosure or tax deed sale on the property's title or marketability of the effect of the sale on any liens, encumbrances or mortgages that may exist on a property. User agrees that (l) the maximum liability of the Clerk and/or Realauction shall be limited to the amount of deposit or down payment, sales price and/or additional fees actually paid to the Clerk by User at any time during the process of attempting to purchase real property offered for sale by the Clerk; and (2) the Clerk and Realauction shall not be liable for consequential damages of any kind, including, but not limited to, any anticipated return of or on investment in any form.

By using this web site, you have read, understand and agree to be legally bound by the terms and conditions of this User Agreement. I have read, understand and agree to be legally bound by the terms and conditions of this User Agreement.

(Emphasis added). The Debtor argues that, because Carrera assumed the risk [that the sale could be cancelled through no fault of the bidder], the Court may correct the error in the Order now and cancel the sale accordingly.

The Court believes it is too late to enter an amended or corrected order that would cancel a duly conducted foreclosure sale, as that would tend to chill the bidding at state court foreclosure sales, especially because the bidder at the sale is a totally innocent third party. The Court provided the Debtor an opportunity to save the non-homestead property from foreclosure, but unfortunately the Order was drafted by Debtor's attorney with the error which allowed the certificate of sale to issue. Thus, equity does not permit the rights now vested in Carrera to be removed by the Court. Carrera is an innocent third-party purchaser who, in good faith, was the successful bidder of the Property. Carrera did not know at the time of the auction there might have been restrictions on the issuance of the certificate of sale – such restrictions were not contained in any Court order or reflected on any docket. The certificate of sale was properly issued November 6, 2014 to Carrera, based on the Court's Order, which contained an error in drafting made by Debtor's attorney and is therefore attributable to the Debtor. (ECF No. 22). It is well-settled law that once the certificate of sale is issued the Debtor loses his opportunity to cure the arrearages and reinstate the mortgage. *In re Jaar*, 186 B.R. 148 (Bankr. M.D. Fla. 1995). In balancing the equities, the Court believes it should rule in favor of the most innocent party.

In support of its position, Carrera cites *In re Brown*, 290 B.R. 415 (Bankr. M.D. Fla. 2003). The *Brown* case dealt with the rights of the innocent third party foreclosure sale purchaser of a debtor's homestead. The court in *Brown* emphasized that, at the time of the foreclosure sale, no party had actual or constructive notice of the bankruptcy case; thus, the *Brown* court concluded that once the certificate of sale issued, the debtor lost the opportunity to cure all arrearages and reinstate the mortgage. So too, in this case, Carrera had no actual or constructive notice of the subject Order entered in the bankruptcy court. Most importantly

7

however, even if Carrera knew of the Court's ruling on restricting the issuance of the certification of sale, the Order did not enjoin the issuance of the certificate of sale. Therefore, the certificate of sale was duly issued and no violation of the stay occurred thereby. As the court in *Brown* explained, the public is served by ensuring that properly conducted state court foreclosure sales are not disrupted.

Although the Court feels this issue is a razor's edge decision, the rights of innocent third-party purchaser Carrera USA, LLC outweigh the rights of the Debtor in this matter. The Court has reviewed and considered the case law cited by the Debtor but finds same to be unpersuasive under the facts and circumstances in this case, which are distinguishable from the facts in the cases cited.

In addition, granting the Motion for Stay Relief is in the best interests of the creditors. The Debtor listed the subject Property on his Schedules, under penalty of perjury, with a value of $560,000. *See* Schedule A-Real Property (DE 20). Having done so, the Debtor is judicially estopped from claiming the Property has a different value. Nevertheless, the Property sold at the foreclosure sale for $706,826.10, and that sum in cash is on deposit with the Clerk of the Miami-Dade County Court. From that fund, the first mortgagee, Deutsche Bank National Trust Company, will receive payment in full as per the Final Judgment of $668,780.13, and the second mortgagee will be paid immediately in cash the remainder to pay down the $66,000 second mortgage on the Property.

If stay relief is not granted, the Debtor would alternatively attempt to convert to a Chapter 11. In a Chapter 11 proceeding, the Debtor would no doubt attempt to strip the second mortgage, paying the second mortgagee nothing, and strip down the first mortgage, paying the first

8

mortgagee less than the amount established in the state court Final Judgment. However, there is nothing in the record to indicate that a Chapter 11 plan could be confirmed. Considering that the mortgagees have the right to make an election under 11 U.S.C. §1111(b), it is very unlikely that a Chapter 11 plan could be confirmed or crammed down.

Cash in the amount of $706,826.10 is available here and now. In the best interests of the creditors, the proverbial bird in the hand is worth more than two in the bush (perhaps far more than two in the bush). Accordingly, it is

ORDERED AND ADJUDGED that the *Interested Party Carrera USA, LLC's Emergency Motion for Relief From Automatic Stay* [DE#10] is GRANTED. Movant and Movant and/or its assignees may pursue its rights in State Court regarding real property located at 51 S.W. 19th RD, Miami, FL 33129 with a legal description:

> Lot 18 and the Southeasterly 25' of Lot 19, Block 33, of Holleman Park, according to the Map or Plat Thereof, as recorded in Plat Book 8, Page 23, of the Public Records of Miami-Dade County, Florida.
>
> Folio Number: 01-4138-001-4691.

The Relief granted permits the Movant to pursue only in rem actions against the property and is not an in personam judgment against the Debtor. The 14-Day Stay Period as provided in F.R.B.P. 4001(a)(3) is waived. Within twenty-one (21) days from entry of this Order, Carrera USA, LLC is to provide to Debtor's Counsel's Trust Account the adequate protection payment issued by Debtor in the sum total of $3,045.00.

###

Copies furnished to:

Ariel Sagre, Esq.         law@sagrelawfirm.com
Drew M. Dillworth    ddillworth@stearnsweaver.com
AUST                           USTPRegion21.MM.ECF@usdoj.gov
Gary Murphree, Esq.  gmm@amlaw-miami.com

Attorney Sagre shall serve this Order on all interested parties and file a certificate of service with the Court.